# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2280 | **DATE** | 1/8/2013 |
| **CASE TITLE** | William Pellegrini vs. Cook County Sheriff Captain Michael Dembosz, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court finds that there is no genuine issue of material facts as to the claims plaintiff asserts against defendants, who are entitled to judgment as a matter of law. Therefore, the Court grants defendants' motion for summary judgment [36] and terminates this case.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, who is a correctional officer at Cook County Jail, asserts 42 U.S.C. § 1983 claims against defendants Slaughter, Jones, Romero, Imhof, Dembosz, for their alleged violation of his Fourth Amendment rights during a training drill at the jail.[1] Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment.

### Facts[2]

On April 4, 2009, plaintiff voluntarily participated in a training drill in which he pretended to be an inmate who had taken a corrections officer hostage. (*Id.* ¶¶ 7-16.) During the pre-drill briefing, plaintiff was told to say "time out," "stop" or "cease," if something went wrong during the drill. (*Id.* ¶ 18.)

On the day of the drill, plaintiff and the five other participants dressed as inmates and disguised their faces so the responding officers would not recognize them as jail employees. (*Id.* ¶ 20.) They then started the drill by banging on tables in the day room. (*Id.* ¶ 22.) By the time defendants Dembosz, Imhof, Slaughter and the five to ten other responders arrived, there was a small fire in the day room and the participants were holding a fire extinguisher, a broken mop and bucket. (*Id.* ¶¶ 23-25.) Ignoring the responders' orders to "lock up," plaintiff brought the "hostage" out of a cell behind the day room, pointed a fake knife at the responders and told them to move back or he would kill the hostage. (*Id.* ¶¶ 28-29, 31-32.) The responders did not retreat, and plaintiff returned the hostage to the cell. (*Id.* ¶¶ 34-36.)

As plaintiff left the cell, he grabbed Slaughter from behind, and Dembosz put an arm around plaintiff's neck to pull him off of Slaughter. (*Id.* ¶¶ 38-39, 46.) Plaintiff pushed backwards into Dembosz, and the two fell the ground. (*Id.* ¶ 47.) Once they were on the ground, Dembosz released plaintiff's neck, tried to handcuff him, and when he was unable to do so, used pepper spray on plaintiff. (*Id.* ¶¶ 48-50, 52.) At that point, plaintiff said "time out," and was handcuffed. (*Id.* ¶¶ 53-54.)

**STATEMENT**

   Plaintiff was left handcuffed on the floor while the responders led the other participants away. (*Id.* ¶ 55.) The responders then took plaintiff into the day room, leaned him into the sink and rinsed the pepper spray off of him for about one minute. (*Id.* ¶¶ 56-58.) Plaintiff then identified himself as a corrections officer, defendant Imhof immediately removed the handcuffs, and plaintiff continued to rinse the spray off at the sink. (*Id.* ¶ 59.) Plaintiff was then moved into the interlock adjacent to the day room, and stayed there for about an hour, while the drill was repeated with another group of responders. (*Id.* ¶ 60.) Plaintiff was not restrained and did not ask for medical treatment at any time during the second drill. (*Id.* ¶ 61.)

**Discussion**

   To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

   Plaintiff alleges that defendants used excessive force against him during the drill, and/or failed to intervene in other defendants' use of such force, and seeks damages pursuant to 42 U.S.C. § 1983 for the alleged Fourth Amendment violations. To prevail on these claims, plaintiff must show that a seizure occurred, the seizure was unreasonable and each defendant was personally involved in it. *Carlson v. Bukovic*, 621 F.3d at 618-19 (7th Cir. 2010) (stating that an excessive force claim requires proof both that the plaintiff was seized, *i.e.*, he did not "believe[] he was 'free to leave,'" and that the seizure was unreasonable); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.") (quotation omitted); *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (stating that a § 1983 plaintiff cannot prevail on a failure to intervene claim unless there is "an underlying constitutional violation"). It is undisputed that: (1) plaintiff voluntarily participated in the drill and had the ability to stop at any time; (2) the participants dressed as inmates and disguised their faces so the responders would not realize the situation was a drill; (3) in his guise as an inmate, plaintiff threatened to kill a hostage, grabbed defendant Slaughter from behind and resisted defendant Dembosz's attempts to subdue and handcuff him; (4) all force against plaintiff ceased when he said "time out"; (5) plaintiff did not ask for medical attention after the incident; and (6) plaintiff does not know whether any defendant other than Dembosz touched him during the incident. (*See* Defs.' LR 56.1(a) Stmt. ¶¶ 7-21, 25, 28-40, 45-64.) Because the record does not suggest that plaintiff was seized, unreasonably or otherwise, or that defendants Slaughter, Jones, Romero or Imhof had any involvement in the alleged seizure, defendants are entitled to judgment as a matter of law on plaintiff's claims.

1. Plaintiff's claims against Cook County have already been dismissed. (*See* 11/16/11 Minute Order.)

2. Though the Court gave him several extensions of time to do so, plaintiff did not file a response to defendants' motion. Consequently, he is deemed to have admitted all of the properly supported facts asserted by defendants in their Local Rule 56.1(a) Statement of Undisputed Material Facts. *See* LR 56.1(b)(3)(C).